IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

| | | |
|---|---|---|
| Gloria J. Wolfe, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| GREENTREE MORTGAGE | ) | |
| CORPORATION, a corporation, | ) | [Of Case No. 09-C-398 from the Circuit |
| AMERICA'S SERVICING | ) | Court of Jefferson County] |
| COMPANY, a corporation, and | ) | |
| DEUTSCHE BANK TRUST | ) | |
| COMPANY AMERICAS, a corporation, | ) | |
| and ANTHONY E. FREDA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA:**

Defendants America's Servicing Company ("ASC") and Deutsche Bank Trust Company Americas ("DBTC") (collectively, "Defendants") hereby respectfully give notice, pursuant to 28 U.S.C. § 1446, of the removal to this Court of the action commenced against them in the Circuit Court of Jefferson County, West Virginia, identified below. Defendants deny the allegations contained in the Complaint and file this Notice without waiving any defenses, exceptions or obligations that may exist in their favor in state or federal court. In support of this removal, Defendants show unto the Court the following:

I. **STATEMENT OF COMMENCEMENT OF THE ACTION**

On April 9, 2009, Plaintiff Gloria J. Wolfe ("Plaintiff") commenced this action by filing a complaint (the "Complaint") in Civil Action No. 09-C-398 in the Circuit Court of Jefferson County, West Virginia. ASC was purportedly served with the Complaint via the West Virginia Secretary of State on October 22, 2009. (*See* West Virginia Secretary of State's Online Service File For 09-C-398, Exhibit A, attached hereto). DBTC also was purportedly served with the Complaint via the West Virginia Secretary of State on October 22, 2009. (*See* West Virginia Secretary of State's Online Service File For 09-C-398, Exhibit B, attached hereto).

II. **TIMELINESS OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed "within thirty days after the receipt by [Defendants], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The Complaint and the Summonses directed to Defendants were delivered to the West Virginia Secretary of State on October 22, 2009 and were not received by ASC and DBTC until October 27 and October 28, 2009, respectively. No previous application has been made for the relief requested herein.

III. **PLEADINGS AND NOTICE TO STATE COURT**

Pursuant to 28 U.S.C. § 1446(a), copies of pleadings, orders and other relevant documents which require action by this Court, and a certified copy of the docket sheet from the Circuit Court of Jefferson County, West Virginia, are attached hereto as Exhibit C. Contemporaneous with the filing of this Notice, Defendants have given written notice to the Plaintiff, Co-Defendants, and has notified the Circuit Court of Jefferson County, West Virginia, of the removal.

IV. **STATEMENT OF STATUTORY BASIS FOR JURISDICTION**

A. **The Action Is Removable Pursuant To 28 U.S.C. § 1452.**

Defendants are permitted to remove this action as a matter of right because the Plaintiff has a Chapter 13 bankruptcy case pending before the United States Bankruptcy Court for the Northern District of West Virginia. (*See* Docket Sheet for Civil Action No. 3:09-bk-01326 (BanKr. N.D. W. Va.), Exhibit D, attached hereto). Pursuant to 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action . . . other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title [governing bankruptcy cases]."

B. **This Court Also Has Original Jurisdiction Pursuant To 28 U.S.C. § 1332.**

This Action is within the original jurisdiction of the U.S. District Court pursuant to 28 U.S.C. § 1332. This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1). This Action satisfies both statutory requirements.

1. **The properly joined parties are citizens of different states.**

Plaintiff is a resident of Jefferson County, West Virginia, consistent with the allegations of her Complaint. See Plaintiff's Complaint ¶ 2 (hereinafter "Compl."). Plaintiff alleges that Defendant Greentree Mortgage Corporation is a corporation doing business in West Virginia with its principal place of business at 2 Park Center Court #200, Owings Mills, Maryland, 21117. Plaintiff alleges that Defendant America's Servicing Corporation, is a corporation doing business in West Virginia with its principal place of business at 1 Home Campus, MAC X2401-049, Des Moines, Iowa 50328. The Plaintiff further alleges that Defendant Deutsche Bank Trust Company, is a holder of the mortgage loan that is the subject matter of this action. Its principal address is 60 Wall Street, 11th Floor, New York, New York 10005. See Compl. ¶¶ 3, 4, 5. Plaintiff and Defendants Greentree Mortgage Corporation, ASC, and Deutsche Bank Trust Company are diverse.

Plaintiff has also named Anthony E. Freda ("Freda"), an individual residing in Gerrardstown, West Virginia, as a defendant. See id. at ¶ 6. However, Freda has been fraudulently joined and his citizenship must therefore be disregarded for purposes of determining diversity.

"The 'fraudulent joinder' doctrine permits removal when a nondiverse party is (or has been) a defendant in the case. . . . Under this doctrine, a district court can assume jurisdiction over a case even if, interalia, there are nondiverse named defendants at the time the case is removed." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). "Fraudulent joinder requires neither fraud nor joinder. It is a 'term of art [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists." Benson v.

Continental Ins. Co., 120 F. Supp. 2d 593, 594 (S.D.W.Va. 2000) (quoting AIDS Counseling and Testing Centers v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990)). To remove an action based on fraudulent joinder, the defendant must show that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Mayes, 198 F.3d at 464.

Plaintiff asserts a claim of "Official Misconduct of a Notary Public" against Freda. See id. at ¶¶ 35-38. Plaintiff asserts that Freda notarized the Deed of Trust outside the Plaintiff's presence and without witnessing the signature. See Compl. ¶ 13. Plaintiff makes no other allegations with respect to Freda's alleged misconduct. Plaintiff does not contend that the signature on the Deed of Trust is not hers.

In West Virginia, claims of official misconduct of a notary public stem from West Virginia Code § 29C-6-101, which provides, "A notary public is liable to the persons involved for all damages proximately caused by the notary's official misconduct." An essential element of the claim is that the notary's alleged misconduct must be a proximate cause of the plaintiff's damages. Plaintiff cannot prevail against Freda because she has alleged no damages that were proximately caused by the alleged misconduct of the notary.

Although the West Virginia courts have not addressed allegations of notary misconduct similar to those in this case,[1] the Eighth Circuit case of Dickey v. Royal Banks is instructive. In Dickey, the Eight Circuit reversed a jury award in favor of the plaintiff against a bank whose

---

[1] In the cases addressed by the courts under West Virginia Code § 29C-6-101, the issue has been whether improper notarization resulted in the invalidation of a deed of trust. See, e.g., In re Williams, 213 W. Va. 780, 584 S.E.2d 922 (2003); Galloway v. Cinello, 188 W.Va. 266, 423 S.E.2d 875 (1992). The Supreme Court of Appeals of West Virginia has held that "[i]n deciding whether to void the instrument, a court should consider whether an improper benefit was obtained by the notary or any party to the instrument, as well as whether any harm flowed from the transaction." Id. at 879.

employee had allegedly engaged in improper notarization. 111 F.3d 580, 584 (8th Cir. 1997). Just as in this case, the plaintiff in <u>Dickey</u> executed the subject document outside of the notary's presence. <u>Id.</u> at 582. The notary then notarized the document without the plaintiff being present. <u>Id.</u> Plaintiff asserted a claim of official misconduct of a notary pursuant to a statute identical in pertinent part to West Virginia Code § 29C-6-101 cited above.[2] The Eighth Circuit found that the plaintiff's claim against the notary could not survive because the plaintiff admitted the signature on the subject document was his. <u>Id.</u> at 584. "This admission removes the notary from any responsibility for the execution of the assignment and the harm that befell Mr. Dickey, because 'the notary's duty is [merely] to acknowledge the authenticity of the signature.'" <u>Id.</u> (quoting <u>Herrero v. Cummins Mid-America, Inc.</u>, 930 S.W.2d 18, 22 (Mo. Ct. App. 1996)). Where the signature of the executing party is authentic, the notary's alleged misconduct cannot be the proximate cause of the plaintiff's damages and, thus, there can be no liability on the part of the notary. See <u>Dickey</u>, 111 F.3d at 584; see also <u>First Franklin Fin. Corp. v. Residential Title Servs.</u>, No. 4:07CV1478 JCH, 2009 U.S. Dist. LEXIS 44902, at *16 fn.10 (E.D. Mo. May 28, 2009).

Here, Plaintiff does not contend the signature on the Deed of Trust is not hers. Consequently, none of Plaintiff's alleged damages may be rightly attributed to Freda's alleged misconduct. The claims Plaintiff asserts against Freda are without merit and cannot succeed. Therefore, Freda has been fraudulently joined and his citizenship must be disregarded for purposes of determining diversity among the parties. There is complete diversity between Plaintiff and the properly joined Defendants.

---

[2] Mo. Rev. Stat. § 486.355 provides, "A notary public and the surety or sureties on his bond are liable to the persons involved for all damages proximately caused by the notary's official misconduct."

6

2.     **The amount in controversy exceeds $75,000.**

In her Complaint, Plaintiff seeks monetary damages (including actual damages, punitive damages, statutory damages, civil penalties, and attorneys' fees) and other equitable relief. While Plaintiff does not specify the total amount of damages that she seeks to recover, it is clear that the amount in controversy exceeds $75,000. The fact that the total amount of damages requested is unspecified is of no consequence to removal because the amount in controversy requirement, as explained below, is satisfied based on the nature of the factual allegations and the remedies sought.

To establish that the amount in controversy exceeds the jurisdictional limit on removal, the removing party must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. See e.g. Evans v. CDX Serv. LLC, 528 F. Supp. 2d 599, 605-06 (S.D.W.Va. 2007); Green v. Metal Sales Manuf. Corp., 394 F. Supp. 2d 864, 866 (S.D.W.Va. 2005); Weddington v. Ford Motor Credit Co., 59 F. Supp. 2d 578, 582 (S.D.W.Va. 1999) (applying preponderance standard to actions where amount of damages is unspecified). To satisfy the preponderance standard, "the removing party must show that it is 'more likely than not that the amount in controversy exceeds the jurisdiction amount.'" Weddington, 59 F. Supp. 2d at 583. (finding unspecified monetary damages exceeded jurisdictional limit based on allegations of complaint); see also McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481 (S.D.W.Va. 2001) (reversing prior application of legal certainty standard and applying preponderance standard to all removals not just those with unspecified damages).[3]

---

[3] At least four other Circuit Courts of Appeals have adopted the preponderance standard. See e.g. United Food & Comm. Workers Union, Local 9191 v. Centermark Prop. Meridian Square, Inc., 30 F.3d 298, 30 (2d. Cir. 1994); Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723-34 (5th Cir. 2002); Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572-73 (6th Cir. 2001); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290-91 (10th Cir. 2001) (adopting

In determining whether removal is justified, this Court should consider the Complaint, and the:

> [t]ype and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed.

Weddington, 59 F. Supp. 2d at 583 (citing Watterson v. GMRI, Inc., 14 F. Supp. 2d 844, 850 (S.D.W.Va. 1997) (internal citations omitted)).

It is well established in the Fourth Circuit that district courts may look to pecuniary results that a judgment would have on the defendant to evaluate the total amount in controversy. See Dixon v. Edwards, 290 F.3d 699 (4th Cir. 2002) (finding amount in controversy satisfied based on defendant's losses if injunctive relief ordered); see also Moore v. Cabot Oil & Gas Corp., No. 2:06-0538, 2007 U.S. Dist. LEXIS 32503, at *15 (S.D.W.Va. May 2, 2007) ("The amount in controversy may be determined by the amount a potential judgment could mean for *either* party.") (emphasis added). In matters involving declaratory and injunctive judgment relief, the test "is the pecuniary result to either party which [a] judgment would produce." Dixon, 290 F.3d at 710; Hudson Constr. Co. v. Dillingham Constr. Co., 169 Fed. Appx. 769 (4th Cir. 2006) (holding amount in controversy satisfied using pecuniary result formula). In actions for rescission or to otherwise declare a contract void, courts should look at the value of the contract at issue, and aggregate it with any other claims, to determine the amount in controversy. See Weddington, 59 F. Supp. 2d at 584 (noting value of loss to defendant if contract is rescinded considered part of amount in controversy). Punitive damages and attorneys' fees may also be considered by the court. Id. (including punitive damages and attorneys' fees as part of amount in

---

preponderance of the evidence standard as removing party's burden).

controversy); Moore, 2007 U.S. Dist. LEXIS 32503, at *16 (considering punitive damages factor for amount in controversy).

In this case, Plaintiffs seek unspecified monetary damages including actual damages, punitive damages, statutory damages, various civil penalties, and attorneys' fees, as well as declaratory and equitable relief. See generally Compl. ¶¶ 29–58. A central point in the Plaintiff's allegations is the modification of her mortgage loan. See generally id. at ¶¶ 25–26. Because the Plaintiff is alleging that her loan is unenforceable, the amount in controversy includes the value of the entire loan which totals a minimum of $74,736.42. See id. at ¶ 25(b)(ii). Plaintiff also seeks statutory damages of $4,300 for each of at least two alleged "not bona fide and/or illegal and unauthorized fees." Id. at ¶¶ 27, 56. While these amounts taken together exceed the statutory threshold, Plaintiff seeks much more including an unspecified amount of damages, comprised of actual damages, punitive damages, statutory damages, civil penalties, and attorneys' fees. See id. at ¶¶ 29-58.

In summary, it is clear that the amount in controversy as set forth in Plaintiff's Complaint exceeds the statutory threshold and the amount in controversy is satisfied. To the extent that propriety of this removal is questioned, Defendants request an opportunity to file briefs on any issues raised.

9

V.  **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully requests that this Court assume jurisdiction over this matter and allow Defendants such other and further relief as this Court deems just and proper.

                                              **Respectfully submitted**
                                              **AMERICA'S SERVICING COMPANY AND**
                                              **DEUTCHE BANK TRUST COMPANY**
                                              **AMERICAS**
                                              **By Counsel**

/s/Ariella G. Silberman
William W. Booker, Esquire (WVSB #401)
Ariella G. Silberman, Esquire (WVSB #9299)
KAY CASTO & CHANEY PLLC
1600 Chase Tower
707 Virginia Street East
P O Box 2031
Charleston, WV 26327-2031
*(304)345-8900*

10

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

| | |
|---|---|
| Gloria J. Wolfe, ) | Civil Action No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CERTIFICATE OF SERVICE** |
| ) | |
| GREENTREE MORTGAGE ) | |
| CORPORATION, a corporation, ) | [Of Case No. 09-C-398 from the Circuit |
| AMERICA'S SERVICING ) | Court of Jefferson County] |
| COMPANY, a corporation, and ) | |
| DEUTSCHE BANK TRUST ) | |
| COMPANY AMERICAS, a corporation, ) | |
| and ANTHONY E. FREDA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

I, Ariella G. Silberman, counsel for Defendants America's Servicing Company and Deutsche Bank Trust Company Americas do hereby certify that on November 24, 2009, I served a true and correct copy of the **Defendant's Notice of Removal** by electronic filing using the CM/ECF filing system to the following:

> Andrew C. Skinner, Esq.
> Skinner Law Firm
> 115 East Washington Street East
> P.O. Box 487
> Charles Town, WV 25414
>
> Sara Bird, Esquire
> Mountain State Justice, Inc.
> 1031 Quarrier Street, Suite 200
> Charleston, WV 25301

/s/Ariella G. Silberman, Esq.
Ariella G. Silberman