IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**GLORIA J. WOLFE**,

       Plaintiff,

v.

**GREENTREE MORTGAGE CORPORATION**, a corporation, **AMERICA'S SERVICING COMPANY**, a corporation, **DEUTSCHE BANK TRUST COMPANY AMERICAS**, a corporation, and **ANTHONY E. FREDA**,

       Defendants.

**Civil Action No. 3:09-CV-74**
**Judge Bailey**

## MEMORANDUM OPINION AND ORDER
## <u>DENYING PLAINTIFF'S MOTION TO REMAND</u>

Pending before this Court is Plaintiff's Motion to Remand (Doc. 7). The Motion has been fully briefed and is ripe for decision. For the reasons stated below, this Court will deny the Motion.

On July 11, 2009, the plaintiff filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Northern District of West Virginia. On October 19, 2009, plaintiff filed this action in the Circuit Court of Jefferson County, West Virginia, alleging seven claims against the defendants. These claims include (1) unconscionable inducement of the loan, rendering the deed of trust void; (2) misconduct by a notary public; (3) allegations of joint venture and agency; (4) breach of contract; (5) estoppel preventing foreclosure on the loan; (6) illegal debt collection; and (7) illegal return of payment. The

1

action seeks, *inter alia*, invalidation of the deed of trust and damages.

On November 24, 2009, America's Servicing Company ("ASC") and Deutsche Bank Trust Company Americas ("Deutsche") removed this action to this Court, asserting as alternate bases for removal the bankruptcy removal statute, 28 U.S.C. § 1452, and diversity removal, 28 U.S.C. § 1441(a).

On December 15, 2009, the plaintiff moved to remand the case to state court. With respect to the removal under the bankruptcy statute, the plaintiff contends that mandatory abstention is required, and that, in the alternative, this Court should remand the case under equitable remand.

The requirements for mandatory abstention are set forth in 28 U.S.C. § 1334(c)(2), which provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action cannot have commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

As Judge Stamp noted in **Mey v. Herbalife International, Inc.**, 2003 WL 23571253 (N.D. W.Va. Nov. 19, 2003):

> "In other words, a district court must abstain from hearing a non-core, related matter if the action can be timely adjudicated in state court." **Howe v.**

2

> *Vaughan*, 913 F.2d 1138, 1142 (5th Cir. 1990). In order for mandatory abstention to apply, the plaintiff must show: (1) a timely motion to abstain has been made; (2) the proceeding is based upon a state law cause of action; (3) the proceeding is related to a Title 11 case, but is not a core proceeding; (4) the action could not have been commenced in federal court absent jurisdiction under § 1334; and (5) an action is commenced, and can be timely adjudicated, in state court with proper jurisdiction. *See* **Personnette v. Kennedy (In re Midgard Corp.)**, 204 B.R. 764, 776-79 (BAP 10th Cir. 1997); **In re Futura Ind., Inc.**, 69 B.R. 831, 834 (Bank. E.D. Pa. 1987); *see also* **Business and Commercial Litigation in Federal Courts**, § 45.5 (Robert L. Haig Ed., 1998).

2003 WL 23571253 at *3. *See also* **Barge v. Western Southern Life Ins. Co.**, 307 B.R. 541, 546 (S.D. W.Va. 2004).

An application of these requirements to this case reveals that mandatory abstention is not applicable for at least two reasons. First, this Court finds that the action is, at least in part, a core proceeding.

Section 157(b)(2) provides in relevant part that core proceedings include, but are not limited to: (A) matters concerning the administration of the estate; (K) determination of the validity, extent, or priority of liens; and (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

A substantial part of the relief sought in this case is the invalidation of the lien of the

3

deed of trust.  Accordingly, this falls squarely within 28 U.S.C. § 157(b)(2)(K).  In *In re Smith*, 300 B.R. 828, 829-30 (Bankr. M.D. Ga. 2003), the bankruptcy court held that an action to determine the validity of a lien on real property was a core proceeding.  The court held that "[i]f Plaintiff's lien against the real estate is subject to rescission, the trustee may have a valuable asset to administer. 28 U.S.C.A. § 157(b)(2)(A), (K) (West 1993) (core proceedings include matters concerning administration of the estate and determinations of the validity, extent, or priority of liens.)  The Court therefore must conclude that Plaintiff's adversary proceeding is a core proceeding in Defendant's bankruptcy case." *See also, In re Tetterton*, 379 B.R. 595 (Bankr. E.D. N.C. 2007).

Inasmuch as mandatory abstention does not apply to core proceedings, this case may not be remanded on that ground.

Even if this case were not a core proceeding, mandatory abstention would not apply.  As noted above, mandatory abstention does not apply if the case could have been brought in federal court.  This case could have been brought in federal court, since there is complete diversity between the plaintiff and the defendants.  While the plaintiff has included a claim against notary public Anthony Freda, this Court finds that Mr. Freda has been fraudulently joined.  Under the doctrine of fraudulent joinder, a district court can assume jurisdiction over a case even if there are nondiverse named defendants at the time the case is removed.  ***Mayes v. Rapoport***, 198 F.3d 457, 461 (4th Cir. 1999); ***Marshall v. Manville Sales Corp.***, 6 F.3d 229, 232-33 (4th Cir. 1993); ***Cobb v. Delta Exports, Inc.***, 186 F.3d 675, 677 (5th Cir. 1999). The doctrine permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a

4

case, dismiss the nondiverse defendants, and thereby retain jurisdiction. **Mayes**, 198 F.3d at 461.

As noted by Judge Stamp in **Herbalife Intern. v. St. Paul Fire & Marine Ins. Co.**, 2006 WL 839515 (N.D.W.Va. March 30, 2006):

> "To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" **Hartley v. CSX Transp., Inc.**, 187 F.3d 422, 424 (4th Cir. 1999) (quoting **Marshall v. Manville Sales Corp.**, 6 F.3d 229, 232 (4th Cir. 1993)). A claim of fraudulent joinder places a heavy burden on the defendant. See **Marshall**, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." **Id.** at 232-233 (citations omitted). "Once the court identifies this *glimmer of hope* for the plaintiff, the jurisdictional inquiry ends." **Hartley**, 187 F.3d at 426 (emphasis added). Therefore, in order to successfully prove fraudulent joinder, a defendant must demonstrate by clear and convincing evidence that, after resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged *any possible* claim against the co-defendant. A non-diverse party named in the state court action may be disregarded for determining diversity of citizenship when the

5

party's joinder is fraudulent. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001); *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998).

2006 WL 839515 at *3.

In this case, the removing defendants have met their burden of proof. The plaintiff alleges that Anthony Freda, a notary public, engaged in official misconduct by notarizing the plaintiff's signature on the deed of trust outside the plaintiff's presence and without witnessing the plaintiff sign the document. The plaintiff does not contest the fact, however, that she in fact signed the deed of trust. The sole purpose of the notary is merely to acknowledge the authenticity of the signature. *Dickey v. Royal Bank of Missouri*, 111 F.3d 580, 584 (8th Cir. 1997); *Herrero v. Cummins Mid-America, Inc.*, 930 S.W.2d 18, 22 (Mo.Ct.App. 1996); *First Fed. Financial Corp. v. Residential Title Svcs., Inc.*, 2009 WL 1508784 (E.D. Mo. May 28, 2009).

"While a notary public may be held liable for damages caused by misconduct in the performance of his or her duties, . . . to recover, a plaintiff must demonstrate that the notary's wrongful act proximately caused those damages." *RLI Ins. Co. v. Athan Contracting Corp.*, 2009 WL 3212737, *7 (E.D. N.Y. Sept. 30, 2009). Given the fact that the plaintiff does not contest the fact that she, in fact, signed the deed of trust, there can be no damage emanating from the notary public's failure to properly acknowledge that signature. Since there is no damage, there is no "glimmer of hope" of a judgment against defendant Freda.

Without defendant Freda in the action, there is diversity among the parties, and this

6

action could have been brought in this Court. Accordingly, the plaintiff cannot satisfy the fourth requirement of mandatory abstention.

In the alternative, the plaintiff contends that this Court should equitably remand this case. Section 1452(b) provides, in relevant part, that: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

The following considerations have been articulated by the courts concerning the issue of whether to remand under § 1452(b):

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court.

**Barge v. Western Southern Life Ins. Co.**, 307 B.R. 541, 547 (S.D. W.Va. 2004), citing **In re Riverside Nursing Home**, 144 B.R. 951, 956 (S.D. N.Y. 1992); *see also* **Shubert v. Roche Holding Ag**, 157 F.Supp.2d 542, 545 (E.D. Pa. 2001); **In re Merry-Go-Round Enterprises, Inc.**, 222 B.R. 254, 257 (D. Md. 1998).

The first consideration is the effect on the efficient administration of the bankruptcy estate. As noted above, the issue of the validity of the deed of trust is one that will have a large impact on the administration of the estate, since it may provide a free and clear asset which can inure to the benefit of creditors. The same is true of any money judgment,

which may be obtained and which would inure to the benefit of the creditors. "Where the proceedings will affect the amount or existence of creditors' dividends, abstention is inappropriate." *In re Ascher*, 128 B.R. 639, 647 (Bankr. N.D. Ill. 1991), citing ***J.D. Marshall Internat'l v. Redstart***, 74 B.R. 651, 656 (N.D. Ill. 1987).

The second consideration is the extent to which state law issues predominate. This factor militates in favor of remand.

The third consideration is the difficulty or unsettled nature of the applicable state law. This factor militates in favor of no remand. This Court has a large number of diversity cases on its docket which deal with the same or similar issues.

The fourth consideration is comity. This Court finds little difference one way or the other with regard to this factor. The case was removed very early in the litigation process and does involve a debtor in bankruptcy.

The fifth consideration is the degree of relatedness or remoteness of the proceeding to the main bankruptcy case. The resolution of these issues will have a large impact on the extent of the dividends to creditors. Further, this is a core proceeding. Accordingly, this case is very much related to the main bankruptcy case.

The sixth consideration is the existence of a right to a jury trial. In bankruptcy, there is no right to a trial by jury, which would be available in state court.

The seventh and final consideration is prejudice to the party involuntarily removed from state court. This Court finds that the plaintiff will not be unfairly prejudiced by proceeding in the federal court system.

Based upon the above considerations, and especially given that this is a core

proceeding which may have a large effect on the bankruptcy estate, this Court declines to equitably remand this case.

This Court also notes that the standards for equitable remand are essentially the same as for permissive abstention. As Judge Copenhaver noted in **Barge**, "Indeed, it has been noted that virtually the same factors supporting abstention under § 1334(c) support equitable remand under § 1452(b). *In re Riverside Nursing Home*, 144 B.R. at 957 ('[t]he equitable grounds that warrant a decision to remand under 28 U.S.C. § 1452(b) are similar to the factors that authorize abstention under 28 U.S.C. § 1334(c).'); *see also* ***In re Merry-Go-Round Enterprises, Inc.***, 222 B.R. at 256 ('virtually the same (if not identical) factors have emerged for judging the propriety of permissive abstention under § 1334(c)(1) as have been articulated for deciding the propriety of a remand under § 1452(b).')." 307 B.R. at 548.

Given that this Court has and will exercise jurisdiction under 28 U.S.C. § 1452, it need not address the propriety of the diversity removal under 28 U.S.C. § 1447.

Based upon the foregoing, Plaintiff's Motion to Remand **(Doc. 7)** is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record.

**DATED:** January 26, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE